IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES REZA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ZUFFA, LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-09068-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER; DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS; VACATING HEARING** |

    Before the Court are the following motions, filed jointly on February 17, 2023, by defendants Zuffa LLC and Neulion USA, LLC: (1) "Motion to Transfer Venue Under 28 U.S.C. § 1404(a)"; and (2) "Motion to Dismiss Plaintiffs' First Amended Complaint." The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for March 31, 2023, and rules as follows.

    In the operative complaint, the First Amended Class Action Complaint ("FAC"), plaintiffs Moises Reza, Frank Garza, Tanner Pendergraft, and Federico Navarrete allege that defendants "offer a digital streaming service called 'UFC Fight Pass' which allows their customers to stream live and past Ultimate Fighting Championship ('UFC') combat sporting events." (See FAC ¶ 1.) Plaintiffs further allege they each "purchased [d]efendants' UFC Fight Pass service" by using defendants' website and, in so doing, each was "enrolled" in an "automatically renewing monthly subscription service" (see FAC ¶¶ 10-13) without his "knowledge or consent" (see FAC ¶ 2). According to plaintiffs, said defendants "fail[ed] to provide clear and conspicuous disclosures" about such

1  renewal and "fail[ed] to provide a clear mechanism by which consumers may cancel their
2  subscriptions."  (See FAC ¶ 3; see also FAC ¶ 16.)  Based on the above allegations,
3  plaintiffs assert five Causes of Action, titled, respectively, "Violation of the California False
4  Advertising Law," "Violation of the California Consumers Legal Remedies Act," "Violation
5  of the California Unfair Competition Law," "Conversion," and "Unjust Enrichment."

6        In the first of their two motions, defendants argue the above-titled action should be
7  transferred to the District of Nevada, in light of a forum selection clause contained in the
8  "Terms of Use" to which each plaintiff agreed in order to use the service.  In particular,
9  that clause, which appears in a section titled "Applicable Law and Jurisdictional Matters,"
10 provides, in relevant part, is as follows:

> You agree that (i) the Service shall be deemed solely based in Nevada; and
> (ii) These Terms of Service shall be governed by the internal substantive
> law of the State of Nevada, without respect to its conflict of laws principles.
> Any claim or dispute between you and UFC® that arises in whole or in part
> from the Service shall be decided exclusively by a court of competent
> jurisdiction located in Clark County, Nevada.  The parties all consent to the
> jurisdiction of such courts . . . and hereby waive any jurisdictional or venue
> defenses otherwise available to it.

(See Compl. Ex. 7 at 66.)[1]

      A forum selection clause is "presumptively valid" and the "party challenging the clause bears a heavy burden of proof" to show its enforcement "would be unreasonable and unjust."  See Murphy v. Schneider National, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (internal quotation and citation omitted).  Such party can meet that burden, however, by showing one of the following: "(1) [the clause's] incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought."  See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996) (internal

---

[1] In citing to the above-referenced Exhibit, the Court has used herein the page number affixed to the top of the page by this district's electronic filing program.

quotation and citation omitted).

Here, plaintiffs do not contend the inclusion of the above-quoted forum selection clause was the product of fraud, undue influence, or overweening bargaining power,[2] nor do they contend the District of Nevada is a gravely difficult and inconvenient forum. Rather, plaintiffs argue enforcement of the forum selection clause would contravene public policy, for the reason that, according to plaintiffs, their Consumer Legal Remedies Act ("CLRA") claim "likely would be dismissed by a Nevada court" (see Pls.' Opp. to Defs.' Mot. to Transfer at 1:24; see also id. at 17:14-1),[3] thereby resulting in a waiver of plaintiffs' rights under the CLRA, see Cal. Civ. Code § 1751 (providing "[a]ny waiver by a consumer of the provisions of [the CLRA] is contrary to public policy and shall be unenforceable and void").

Plaintiffs' argument presupposes a dismissal by the Nevada court, an assumption this Court is not convinced is well-founded. Instead, the Court finds persuasive the analysis set forth in Howards v. Fifth Third Bank, 2018 WL 7890667 (C.D. Cal. December 7, 2018). In Howards, the plaintiff, who filed suit in California, challenged enforcement of a forum selection clause designating Ohio courts, on the asserted ground that, in light of a choice of law clause selecting Ohio law, the transfer to Ohio "would necessarily result" in dismissal of his CLRA claim. See id. at *3. In disagreeing, the district court found enforcement of the forum selection clause would "not implicate public policy concerns," explaining that a district court in Ohio, applying Ohio law, would "engage in a choice of law analysis patterned on the . . . Restatement (Second) of Conflict of Laws § 187(2)," whereunder application of California law would be required if application of Ohio law

---

[2] Although plaintiffs, in an apparent attempt to identify overweening bargaining power on the part of defendants, contend other provisions in the Terms of Use are "unconscionable" (see Pls.' Opp. to Defs.' Mot. to Transfer at 17:23-18:11), "whether other provisions in [an agreement] are unconscionable is not germane to the salient issue [of] whether the [p]laintiff has carried his heavy burden of establishing that the forum selection clause is unreasonable," see Hegwer v. American Hearing and Associates, 2012 WL 629145, at *3 (N.D. Cal. February 27, 2012).

[3] In so predicting, plaintiffs cite to no particular Nevada statute or case authority.

1  "would contravene California's fundamental public policy, with no greater or equivalent
2  countervailing Ohio interest at stake." See id. at *4.

3        As with Ohio, Nevada "tends to follow the Restatement (Second) of Conflict of
4  Laws," see Progressive Gulf Ins. Co. v. Faehnrich, 130 Nev. 167, 171-72 (2014) (citing
5  Restatement (Second) of Conflict of Laws § 187), and, in particular, looks to which of the
6  states, i.e., Nevada or the other relevant state, "has a materially greater interest in the
7  matter," see id. at 72-78 (finding choice of law clause selecting Mississippi law governed
8  insurance coverage dispute, where Mississippi had "strongest ties" to insurance
9  transaction and Nevada's "public policy" was not "so strong as to justify application of
10 [Nevada] law"); see also, e.g., Triunfo, Inc. v. Global Graphic Resources LLC, 2021 WL
11 916918, at *3-6 (D. Nev. March 10, 2021) (following Restatement (Second) of Conflict of
12 Laws in determining whether to apply Nevada law or law of initial forum, where choice of
13 law clause provided parties' agreement was "governed by the laws of the State of
14 Nevada, without regard for its conflict of law rules") (emphasis added).

15       Given the above authority, the Court finds a transfer to the District of Nevada
16 "does not foreclose [plaintiffs'] ability to challenge the choice of law provision," as
17 plaintiffs "remain free to raise the issue and the district court in Nevada is fully competent
18 to decide it." See Washington v.Cashforiphones.com, 2016 WL 6804429, at *6-7 (S.D.
19 Cal. June 1, 2016) (enforcing forum selection clause designating Nevada courts, where
20 agreement provided "terms and conditions [were] governed by, and construed in
21 accordance with, Nevada law, and no conflict of laws or provisions of any jurisdiction will
22 apply"; observing "failure to transfer would imply a concern that the district court in
23 Nevada cannot properly evaluate the choice of law issue") (emphasis added).
24 //
25 //
26 //
27 //
28 //

Accordingly, defendants' motion to transfer the above-titled action to the District of Nevada is hereby GRANTED, and defendants' motion to dismiss is hereby DENIED without prejudice to defendants' renoticing the matter for hearing in the District of Nevada.

**IT IS SO ORDERED.**

Dated: March 22, 2023

MAXINE M. CHESNEY
United States District Judge